IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-01660-RPM

LINDA YEARBY,

                    Plaintiff,

v.

ROADWAY EXPRESS, INC.,
TERRENCE M. GILBERT,
RONALD HAYES,
RALPH SANTARELLI,
DAVID SMITH, and
JAMES MOORMAN,

                    Defendants.
_____

ORDER FOR REMAND
_____

       This civil action brought in Denver District Court, Denver, Colorado, was removed

by the defendant Roadway Express, Inc., by a Notice of Removal, filed August 5, 2008,

alleging jurisdiction under 28 U.S.C. § 1331 based on the defendant's interpretation of

the complaint as claiming a violation of Section 510 of the Employment Retirement

Income Security Act ("ERISA").  The Notice of Removal was followed by defendant

Roadway Express, Inc.'s Motion to Dismiss, filed August 19, 2008, alleging the bar of

the statute of limitations borrowed from Colorado law.  The defendant Roadway

Express, Inc., asserted at length that the plaintiff's wrongful discharge claim was

preempted under ERISA because it was, in essence, a claim for retaliation against the

plaintiff "for applying for and using benefits under Roadway's employee health insurance

plan."

       The plaintiff's response, filed October 4, 2008, disclaimed any intention to assert

a claim relating to the ERISA plan and contending that the complaint is entirely based

on Colorado law for a wrongful discharge in violation of public policy because the employer gave as the stated reason for termination "dishonesty and/or falsification of documents she had presented to Roadway." The plaintiff claims that the real motivation was a failure and refusal of the employer to accept a common-law marriage as a legal marriage.

The plaintiff's response is consistent with the allegations of the complaint. While the complaint is sketchy and may be subject to dismissal for failure to state a cognizable claim for relief, the plaintiff is not claiming anything that could relate to the defendant Roadway Express, Inc.'s health benefits plan and there is therefore no subject matter jurisdiction under ERISA. This civil action was removed improvidently and it is

ORDERED that this civil action is remanded to the District Court, City and County of Denver, Colorado, because there is no subject matter jurisdiction in this court.

DATED: October 20th, 2008

<div style="margin-left:40%">

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior Judge

</div>